UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MELINDIA JACKSON,

        Plaintiff,

v.                                        Case No. 1:12-CV-1412

COSTCO WHOLESALE               HON. GORDON J. QUIST
CORPORATION,

        Defendant.
_____/

## OPINION

Plaintiff Melindia Jackson, proceeding *pro se*, has sued Defendant Costco Wholesale Corporation.[1] In her one-page complaint, Jackson states that she is "filing a discrimination complaint against Costco . . . [u]nder the Civil Right act under, [sic] Race, Sex because I'm a woman and the disability act." (Docket no. 1.) Costco has filed a Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, for a More Definite Statement. Jackson has failed to respond to Costco's motion within the time allowed by the local rules of this district for responding to dispositive motions. W.D. Mich. LCivR 7.2(c). For the following reasons, the Court will grant Costco's motion and dismiss Jackson's complaint.

Costco moves to dismiss Jackson's complaint on several grounds, including that it fails to comply with pleading requirements under Federal Rules of Civil Procedure 8(a) and 10(b) and fails to state a claim. Because Jackson's complaint lacks sufficient factual allegations to establish a claim for discrimination based on race, sex, or disability, the Court will dismiss it for failure to state a claim.

---

[1] Jackson identifies Costco in her complaint as both Costco Wholesale Warehouse Corporation and Costco Wholesale Corp.

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)). A court must accept all of the plaintiff's well-pleaded factual allegations as true and construe them in a light most favorable to the plaintiff to determine whether the complaint establishes a valid basis for relief. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). However, this rule does not apply to legal conclusions or unwarranted factual inferences. *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must read Jackson's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

In her complaint, set forth in letter format, Jackson alleges that on December 29, 2009, she was "in the food court getting a slice of pizza waiting and sitting down at [the Costco store located] at 4901 Wilson Ave in Wyoming [Michigan]" when "Patrick Dominquez called the Wyoming police and made a false report and said there was a black woman at Costco and he wanted me to be removed." Jackson states that when the police arrived at the store, she complied with their request to go outside to speak with them.

Although Jackson states that she is alleging claims for race, sex, and disability discrimination, her claims are wholly conclusory. For example, Jackson claims that she is disabled and suffers from anxiety and post-traumatic stress disorder (PTSD), but she alleges no facts supporting her threadbare allegation that she is disabled within the meaning of the Americans with Disabilities Act.[2] *See* 42 U.S.C. § 12102(1)(a). More importantly, Jackson alleges no facts suggesting that individuals outside of Jackson's protected class, i.e., black, female, or disabled, were treated differently than Jackson for the same conduct. Moreover, Jackson fails to allege any facts showing that a Costco employee or representative acted with discriminatory motive. In short, while the Court must liberally construe Jackson's complaint, it is not required to "conjure up unpled allegations," *Dietz v. Sanders*, 100 F. App'x 334, 338 (6th Cir. 2004), or "invent factual scenarios that cannot be reasonably inferred from the pleadings." *Hu v. Diotte*, No. 93-1654, 1995 WL 231844 at *1 (7th Cir. Apr. 19, 1995). Accordingly, Jackson's complaint will be dismissed for failure to state a claim.

An Order consistent with this Opinion will enter.

Dated: June 6, 2013                    /s/ Gordon J. Quist
                                                                             GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE

---

[2] The Court merely assumes that Jackson's reference to the "disability act" is to the Americans with Disabilities Act and not the Michigan Persons with Disabilities Civil Rights Act of 1976, M.C.L. § 37.1102(1).